UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br><br>v.<br><br>WEIDONG GUAN,<br>a/k/a "Bill Guan," and<br>LE VAN HUNG,<br>a/k/a "Hung Van Le,"<br>a/k/a "Van Hung Le,"<br><br><div align="center">Defendants.</div> | 24 Cr. 322 (VM) |

<u>NOTICE OF MOTION IN LIMINE OF DEFENDANT LE VAN HUNG</u>

Defendant Le Van Hung, by and through undersigned counsel, respectfully moves the Court for an Order:

(1) admitting at trial selected, redacted excerpts from the Government's own findings in its prosecution of the Paxful cryptocurrency platform, including the Paxful Holdings plea agreement and Statement of Facts (Ex. A), the Artur Schaback plea agreement and Factual Basis (Ex. B), the Government's sentencing memorandum in the Paxful case (Ex. C), and the FinCEN Consent Order (Ex. D), subject to redaction of portions unrelated to the knowledge element as agreed upon by the parties or ordered by the Court;

(2) precluding the Government from arguing that all or substantially all of Mr. Hung's transactions involved crime proceeds, unless the Government presents transaction-specific, statistical, expert, or other competent evidence supporting that contention;

(3) precluding the Government from arguing that the discount at which Mr. Hung purchased prepaid cards, standing alone, establishes knowledge, unless the Government presents

<div align="center">1</div>

evidence that the discount was materially below the standard Paxful market rate or was accompanied by other transaction-level indicia of knowledge;

(4) precluding the Government from arguing that Mr. Hung's awareness of a general risk of illicit activity on the Paxful platform satisfies the knowledge element of Section 1956, unless the Government presents evidence that Mr. Hung knew the specific property involved in the charged transactions represented proceeds of unlawful activity; and

(5) alternatively, if the Court declines to preclude the arguments identified in paragraphs (2) through (4), requiring the Government to make an evidentiary proffer before making those arguments to the jury.

Mr. Hung moves upon the accompanying Memorandum of Law and all prior papers and proceedings had herein.

Mr. Hung further joins in and adopts the motions in limine filed by co-defendant Weidong Guan (Dkt. 145-146) to the extent they are applicable to Mr. Hung.

Mr. Hung reserves his right to object to evidence and categories of evidence offered by the Government on grounds not discussed in the accompanying Memorandum of Law or in co-defendant Guan's motions.

Dated: June 8, 2026

> Respectfully submitted,
> Parlatore Law Group, LLP
>
> Timothy C. Parlatore
> 260 Madison Ave., 17th Floor
> New York, New York 10016
> *Attorneys for Defendant Le Van Hung*

2