

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

| USDC SDNY |
|---|
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:__6/16/26__ |

June 15, 2026

**BY ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:    *United States v. Weidong Guan & Le Van Hung*, 24 Cr. 322 (VM)**

Dear Judge Marrero:

The Government writes, in light of representations by counsel for defendant Le Van Hung that the defendants intend to file motions and seek a further adjournment of the trial date—which the Government will oppose—to respectfully request that the Government's deadline to produce witness-related materials, currently set for today (Dkt. 120 ¶ 5), be adjourned until the Court resolves any defense request to adjourn the trial.

On June 12, 2026, Hung's counsel advised the Government that both he and counsel for defendant Weidong Guan intend to file discovery motions under the Classified Information Procedures Act ("CIPA"), and that Hung intends to file an additional motion related to the Government's procedures to filter potentially privileged material.  Counsel for Hung advised that he intended to file his motions today—three weeks before trial—and asked for the Government's consent to adjourn the trial date pending resolution of such motions.  The Government informed counsel for the defendants that it opposes any request to further adjourn the trial date (which, as the Court is aware, has been adjourned multiple times at the request of the defense, including from March to October 2025, then from October 2025 to February 2026, then from February to May 2026, then again from May to July 2026).  (*See, e.g.*, Tr., May 8, 2026, at 3 (noting "the Court's accommodation of the defendants['] request numerous times for extension")).

Under the Court's scheduling order, today is also the day upon with the Government must produce its witness list for its case-in-chief, along with proffers of witness testimony if not adequately set forth in 18 U.S.C. § 3500 material ("3500 Material") or otherwise.  (Dkt. 120 ¶ 5).[1] In order to avoid a scenario in which the defendants obtain disclosures about the Government's witnesses, including witness identities and statements, and then obtain yet another adjournment of trial, the Government asked counsel for the defendants if they consent to the adjournment of the Government's production of such materials until the Court decides whether or not to adjourn the

---

[1] The Government intends to produce 3500 Material, as well as other material related to witnesses provided as a courtesy, on the date that it produces its witness list.

trial.  Counsel for Hung did not clearly consent to this request and noted his objection to having less time to review witness-related materials before trial.  Counsel for Guan has not yet responded to the Government's request.

Based on correspondence with counsel for both defendants about the bases for their forthcoming CIPA motions, the Government views any such motions as highly straightforward, frivolous, and in any event, waived.  Moreover, the Government is prepared to respond to any such motions promptly, minimizing any inconvenience to the defendants arising out of their decision to make these motions here at the eleventh hour.  Accordingly, the Government believes that these motions do not form a basis to yet further adjourn the trial in this matter.  However, if the defendants' motion for an adjournment of the trial date is successful, it would be deeply unfair to grant the defendants the windfall of witness-related disclosures far in advance of an adjourned trial date, particularly given that the defendants have already sought and received many lengthy adjournments, including an adjournment that has granted them substantial additional time to review the Government's exhibits, which were produced on March 30, 2026—*more than 14 weeks* before trial is scheduled to commence.  Compounding the unfairness of such a result, the defendants would enjoy this lengthy period to review the Government's disclosures while delaying all of their own disclosures, including the disclosure of any of their own exhibits, or any witness list or witness statements, until substantially later, which would reward the gamesmanship inherent in their raising such meritless issues on the eve of trial.  *See generally Williams v. Florida*, 399 U.S. 78, 82 (1970).  Accordingly, adjourning the Government's obligations to make its witness-related disclosures until the Court decides the defendants' forthcoming motions would be fair and appropriate.[2]



Request **GRANTED.**
The deadline for the Government to produce witness-related materials is hereby adjourned until the Court resolves Defendant Hung's request to adjourn the trial.

**SO ORDERED.**

6/16/26

_____    _____
DATE    VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    s/ Paul M. Monteleoni_____
Benjamin M. Burkett / Rebecca T. Dell /
Paul M. Monteleoni /Amanda C. Weingarten
Assistant United States Attorneys
(212) 637-2455 / 2198 / 2219 / 2257

cc: Counsel of Record (by ECF)

---

[2] In consideration of the timeline of events giving rise to this request—including that Hung's counsel has represented to the Government that he and Guan's counsel intend to file their motions today, on the deadline for the Government's witness-related disclosures; that Hung's counsel only recently informed the Government that he would not consent to an adjournment of the deadline for those disclosures; and that Guan's counsel has not yet responded to the Government's request for Guan's position on these matters—and although the Government is prepared to produce its witness-related disclosures tonight, with all respect to the Court, the Government does not intend to produce its witness-related disclosures tonight as planned, absent a ruling from the Court on this request.  The Government is prepared to disclose those materials as soon as the Court rules on this letter.