# EXHIBIT B

E6qdtag1

Trial

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

       v.                               13 Cr. 0115(RA)

JAMES TAGLIAFERRI,

         Defendant.

------------------------------x

                  June 26, 2014
                  9:44 a.m.

Before:

              HON. RONNIE ABRAMS,

                    District Judge

APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
BY:  JASON HARRIS COWLEY
    PARVIN DAPHNE MOYNE
        Assistant United States Attorneys
    – and –
SECURITIES AND EXCHANGE COMMISSION
BY:  SAIMA S. AHMED

LAW OFFICES OF SCOTT B. TULMAN
    Attorneys for Defendant
BY:  SCOTT B.  TULMAN
    SUSAN PAPANO
    ROBERT MARTINEZ

      – also present –

Rebecca Baskin, Government Paralegal

Shiyu Pan, Defense Paralegal

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

E6qdtag1
Trial

(Trial resumed; jury not present)

(Case called; all sides ready)

THE COURT:  So first I just want to advise you that Juror No. 2, Mr. Bonuomo, advised my deputy that he has a medical procedure scheduled for July 22nd, and he wants to know if he should reschedule it, and he said the sooner the better. She indicated that we should be done by then, but that she wanted to check with me to verify.

So I don't know if you want me to tell him to reschedule it or tell him we expect to be done by then.

MR. COWLEY:  The government still expects to be done I think well before then, your Honor.

THE COURT:  OK.  Mr. Tulman.

MR. TULMAN:  Yes, I have no reason to --

THE COURT:  All right.  We are going to tell him we expect to be done by then and that he doesn't need to reschedule if it is not pressing.  He is welcome to, but we don't think he needs to do that.  OK?

So now I am ready to rule on the motion in limine.

After carefully considering all of the parties' submissions and arguments, I'm prepared to rule on the remaining government motion in limine.  I'll just note at the outset that this issue is a close question because it requires the Court to balance the defendant's constitutional right to present a defense against the concern about confusion to the

E6qdtag1

Trial

jury and prejudice the government may suffer from defendant's last-minute waiver of the attorney-client privilege.

First, I'm not going to give an advice-of-counsel instruction -- and, just to be clear, no one has asked me to -- or permit defendant to argue specifically that he relied on any lawyer's advice.  In determining whether a defendant is entitled to an advice-of-counsel instruction, the Second Circuit has held that he must show that he "made complete disclosure to counsel, sought advice as to the legality of his conduct, received advice that his conduct was legal, and relied on that advice."  Markowski v. SEC, 34 F.3d at 105; see also United States v. Colasuonno, 697 F.3d at 181.  Defendant explained on Tuesday that he was not seeking this instruction because he does not expect the evidence to show that Mr. Tagliaferri sought specific legal advice on any particular legal issue.  See pages 14 and 15 of Tuesday's transcript.  So I don't want any testimony or argument that Mr. Tagliaferri relied on his attorney's advice -- because, according to Mr. Tulman, Mr. Tagliaferri did not receive any advice about what was required to be disclosed.

I am, however, going to permit the defendant to elicit testimony that attorneys were involved in the transactions (which will in any way event come out on the government's case), and I will permit him to argue that this involvement affected his state of mind, thus bearing on whether he acted

E6qdtag1
                              Trial

with fraudulent intent.  In United States v. King, the Second Circuit concluded that the defendant was not entitled to an advice-of-counsel instruction, but noted in a footnote that he had "suggested the defense in his summation."  The Eastern District of Virginia addressed the issue even more directly in United States v. Okun, 2009 WL 414009, at *6-*7 (2009) and held that, quote, "If [the defendant] is not able to furnish sufficient evidence to warrant an instruction on the good faith reliance on counsel defense, any evidence of attorney advice presented might be relevant to the issue of specific intent."  Additionally, the D.C. Circuit has explained that "reliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter."  See Howard v. SEC, 376 F.3d at 1147 (2004).  Put more concretely, if he has an evidentiary basis for doing so, the defendant may argue that attorneys who drafted or reviewed documents related to the charged transactions did not inform him of the illegality of his receiving fees or that formal disclosure of them was required, and that the defendant took comfort in the attorney silence.  The government is, of course, free to cross-examine Mr. Tagliaferri if he testifies so as to establish that he never sought legal advice on this issue and that he was not in fact acting in good faith.

          The government points out that a defendant waives

E6qdtag1
Trial

attorney-client privilege by raising the advice-of-counsel

defense, and argues that it is prejudiced because

Mr. Tagliaferri or his company previously claimed that certain

documents were privileged and did not produce them.  The

defendant first announced that he was waiving the privilege on

Tuesday, the first day of jury selection in this trial; that

delay inevitably has caused government prejudice in its

investigation and preparation for trial.  In an attempt to

remedy the prejudice caused by this untimely waiver, I'm going

to require the defendant to make a reasonable, good faith

effort to produce to the government any documents that it was

otherwise obligated to produce that were previously withheld on

grounds of attorney-client privilege.  Although I recognize

that counsel is on trial and that the volume of documents in

this case is high, I'm going to ask Mr. Tulman to make a

diligent search for these documents and report to the Court and

the government on his progress by the end of the day on Monday.

Depending on what his search uncovers, I may permit the

government to recall witnesses, if necessary, and will consider

any other requests on this point that the government wishes to

make.

So to summarize:  The defendant may not argue that he

relied on explicit advice of counsel, but he may note the

involvement of attorneys and how their involvement bore on his

intent or lack of intent.  In so doing, I intend to ensure that

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

E6qdtag1
                                Trial

the evidence is not cumulative in nature and will consider a

limiting instruction if the government believes that it may

assist in preventing juror confusion.  Given the last-minute

nature the defendant's waiver, I will expect him to act with

good faith in attempting to locate any documents that were

previously withheld as privileged but otherwise producible.

          OK?  Do you have other issues you would like to raise?

All right.

          MR. TULMAN:  No, your Honor.

          THE COURT:  I think we are waiting for two jurors.  We

are going to check on them right now.

          (Pause)

          THE COURT:  Is everyone ready for the jury?

          All right.  We will bring them out.

          (Continued on next page)