# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 6, 2026

**BY EMAIL**
Guy Petrillo, Esq. (gpetrillo@pkbllp.com)
Kevin R. Puvalowski, Esq. (kpuvalowski@pkbllp.com)
Timothy Parlatore, Esq. (timothy.parlatore@parlatorelawgroup.com)

   Re:    *United States v. Weidong Guan and Le Van Hung*, 24 Cr. 322 (VM)

Dear Counsel:

Based on your request and the Court's scheduling order, the Government herein provides notice of certain evidence that it may seek to introduce in its case-in-chief at trial in the above-captioned matter, including potentially pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), although, as stated below, all of this evidence is in fact direct evidence of the crimes charged.[1]

First, the Government may seek to introduce evidence that Weidong Guan filed false and misleading tax returns in order to conceal the nature, purposes, and funding sources of his cryptocurrency trading activity and to allow the scheme charged in the Indictments to continue. For tax year 2019, Guan falsely and misleadingly claimed purported cryptocurrency losses through trades upon the Gemini cryptocurrency exchange from a purported sole proprietorship, while not listing any cryptocurrency trading activity from the Kraken cryptocurrency exchange for that tax year, and, for tax years 2020 through 2023, Guan did not report any cryptocurrency trading activity from either Gemini or Kraken. This evidence is admissible as direct evidence of the crimes charged or Rule 404(b) evidence, including Guan's fraudulent intent, plan, knowledge, absence of mistake, consciousness of guilt, and his concealment of his cryptocurrency transfers in furtherance of the money laundering conspiracy. *See United States v. Adelekan*, No. 22-1232-CR, 2024 WL 4501962, at *2 (2d Cir. Oct. 16, 2024) (finding that tax records were properly introduced to rebut defense theory that certain wire payments were for a legitimate business); *United States v. Valenti*, 60 F.3d 941, 946 (2d Cir. 1995) ("The tax returns were obviously probative to refute [the defendant's] defense that the contested funds were legitimate compensation.").

Second, as part of the direct proof of the crimes charged or pursuant to Rule 404(b), the Government notes that it may seek to introduce evidence of the full scope of the activities of Le

---

[1] The Government does not herein list evidence described in the Indictments except to the extent it is intertwined with other evidence. The Government reserves the right to introduce in its case-in-chief all of the evidence described in the Indictments. The Government also reserves the right to supplement this notice, including after receiving reciprocal discovery, defense exhibits, and Rule 26.2 material, and to offer or use additional evidence in connection with the testimony of a defendant, should one testify, or in a rebuttal case, if any.

Van Hung and the other members of the "MMO Team" (and of Guan in concert with the MMO Team), including (1) running an unlicensed money transfer business, (2) selling gift cards and prepaid debit cards at a discount and/or commissioning the taking of photographs of such cards, (3) asking others to purchase products in the United States with gift cards and/or debit cards so that the products could be shipped back to Vietnam, (4) commissioning the creation of identification documents in others' names, (5) the bulk purchase of stolen personally identifiable information, (6) engaging in or receiving the proceeds of business email compromise schemes, (7) engaging in or receiving the proceeds of romance fraud schemes, (8) commissioning the use of the financial or electronic accounts of other persons, or the bulk purchase of such accounts in the names of other persons, (9) the mailing of checks in the names of other persons to Guan or to other co-conspirators for deposit in bank accounts controlled by Guan, and (10) the creation of payment processing or other financial accounts under false and fraudulent customer information or the transfer of funds using false and fraudulent payment descriptions. These activities are part of and inextricably intertwined with the charged crimes, are background to the relationships between relevant persons, and evidence of, among other things, the motive, opportunity, preparation, plan, and absence of mistake or accident by Hung and Guan, as well as their familiarity with the instrumentalities of the charged scheme (such as gift cards, prepaid debit cards, and payment gateways).

Very truly yours,

JAY CLAYTON
United States Attorney

By:s/_____
    Benjamin M. Burkett / Rebecca T. Dell /
    Paul M. Monteleoni /Amanda C. Weingarten
    Assistant United States Attorneys
    (212) 637-2455 / 2198 / 2219 / 2257