

**Timothy C. Parlatore, Esq.**
Managing Partner
timothy.parlatore@parlatorelawgroup.com
Direct: 212-679-6312

June 19, 2026

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

*Re: United States v. Weidong Guan and Le Van Hung, No. 24 Cr. 322 (VM) — Defendant Le Van Hung's Supplemental Letter-Motion Regarding Additional Privileged Documents in Production 32*

Dear Judge Marrero:

Defendant Le Van Hung respectfully submits this supplemental letter-motion to advise the Court that his ongoing privilege review of the Government's May 29, 2026 Rule 16 production (Production 32) has identified additional privileged documents beyond those addressed in his motion at Docket Number 153. Mr. Hung requests that the Court expand the scope of the requested evidentiary hearing to encompass these newly identified materials. The specific documents and their contents are described in Mr. Hung's accompanying in camera submission filed pursuant to the Court's June 16, 2026 Order (Dkt. 160).

## I. THREE CATEGORIES OF FAILURE IN A SINGLE PRODUCTION

Production 32 was transmitted in a single email, through a single USAfx download link, accompanied by a single cover letter signed by all four trial AUSAs. Mr. Hung's privilege review has now established that this single production contained three distinct categories of privileged material, each reflecting a different mode of filter-team failure:

*Category 1 (Never Flagged)* — Documents the filter team failed to identify as privileged, which were produced to the prosecution team and co-defendant Guan's counsel, and which no one, neither the filter team nor the trial team, ever flagged as potentially privileged. These documents were in the prosecution's working file from at least May 29, 2026 until June 17, 2026, when defense counsel identified them and demanded segregation, though it is likely these documents were in the possession of the United States since Mr. Hung's extradition. This category is the most probative of systemic failure because it cannot be explained as a mere mishandling of documents the filter team had identified. Unlike Category 2, these documents were not even belatedly flagged by the trial team. Unlike Category 3, they were not supposedly segregated. And because some contain English-language material, the Government's position that its team does not read Vietnamese or Korean does not resolve the question of exposure. This category is the subject of this supplemental motion.

Licensed to Practice by the States of New York and New Jersey
U.S. District Courts in New York, New Jersey, Connecticut, Pennsylvania, Texas, and the District of Columbia
Parlatore Law Group is a nationwide cloud-based firm. Please send all correspondence electronically.
If physical mail is required, please use the central mailing address below.

www.parlatorelawgroup.com  1440 N Edgewood St, Arlington VA 22201

*Category 2 (Flagged Late)* — Documents the filter team failed to identify as privileged, which were produced to the prosecution team and co-defendant Guan's counsel, and which the trial team itself flagged only after review, two days after production. These are the documents referred to as the "Assertedly Privileged Documents" in Mr. Hung's motion at Docket Number 153.

*Category 3 (Flagged but Disclosed)* — Documents the filter team identified as potentially privileged and allegedly "segregated from the prosecution team," but which were nevertheless transmitted to the trial team in the same email, through the same download link, and in the same cover letter as all other discovery materials. These are the documents referred to as the "Screened Documents" in Mr. Hung's motion at Docket Number 153.

## II. THE CATEGORY 1 DOCUMENTS

These documents were identified during counsel's ongoing AI-assisted privilege review of the 795-page Vietnamese-language production, conducted in the course of preparing the in camera submission ordered by the Court on June 16, 2026. Current defense counsel entered this case relatively recently and has been contending with a continuous stream of Rule 16 productions from the Government, including yet another production made today, less than three weeks before the July 7 trial date. The identification of Category 1 was not possible earlier because the production is predominantly in Vietnamese, a language counsel does not speak, and the volume and pace of the Government's ongoing discovery productions have consumed the defense's preparation time. The delay is not attributable to any lack of diligence by the defense; it is a direct consequence of the Government's decision to produce foreign-language detention materials through a routine Rule 16 channel without an adequate, transparent privilege protocol. The Government's filter team, which had these documents longer and had the full resources of the U.S. Attorney's Office at its disposal, failed to identify them at all.

The privilege determinations turn, in many instances, on context that only Mr. Hung can supply: the identity of the individuals with whom he was communicating, whether a given letter relayed information to or from counsel through his wife as a Kovel intermediary, and whether a particular document reflects his own case analysis prepared for transmission to counsel.

To date, Mr. Hung has not had a meaningful opportunity to review these 795 pages with counsel through a qualified Vietnamese interpreter. He has been in custody throughout the pendency of this production, and the compressed timeline imposed by the Government's late production and the approaching July 7 trial date has made a complete, client-assisted review impossible. The privilege identification reflected in the accompanying in camera submission therefore represents counsel's best-effort review to date. It is not, and on this schedule cannot be, a complete page-by-page review conducted with Mr. Hung's input. Requiring the defense to finalize all privilege assertions now would force Mr. Hung to choose between an incomplete assertion that forfeits legitimate claims on unreviewed documents and a rushed review no responsible counsel could certify as complete.

The Category 1 documents include attorney-client privileged communications, attorney work product reflecting defense strategy, confidential marital communications, private family photographs, and sensitive account information that has been in the Government's file since at least May 29, if not substantially longer. These materials are, in several instances, more sensitive than the documents addressed in Docket Number 153. They include documents containing

English-language text readable without any translation, which the prosecution team member who reviewed "basic attributes" of the Non-Screened Documents could have understood on sight.

## III. PREJUDICE AT TRIAL

To require an evidentiary hearing on a claimed privilege intrusion, a defendant must allege "specific facts that indicate communication of privileged information to the prosecutor and prejudice resulting therefrom." *United States v. Ginsberg*, 758 F.2d 823, 833 (2d Cir. 1985). Where the record raises a concrete question whether the government derived trial-preparation information from privileged material, an evidentiary hearing is warranted. *See United States v. Schwimmer*, 892 F.2d 237, 245 (2d Cir. 1989) (remanding for hearing where record was "insufficient to support the perfunctory findings of the district court with respect to the privilege issue"). If the hearing reveals a violation, "the government must demonstrate that the evidence it uses to prosecute an individual was derived from legitimate, independent sources." *United States v. Schwimmer*, 924 F.2d 443, 446 (2d Cir. 1991). The Category 1 documents provide additional specific facts supporting such inquiry.

This is not a case of speculative taint. The privileged materials were physically produced to the prosecution team, remained in its working file for weeks, if not many months, and include documents with English-language content readable on sight. Some significant analysis and decision making was done by the prosecution team related to these documents as they determined which 3 documents they felt might be privileged from a folder with 16 documents, requiring them to see differences in those 3 that warranted the flag to defense counsel. The Second Circuit has recognized that it is "nearly impossible to stop the attorneys from, at the very least subconsciously, using information from these materials" once exposure has occurred. *SEC v. Rajaratnam*, 622 F.3d 159, 184 (2d Cir. 2010). Although *Rajaratnam* arose in the Title III discovery context, the Second Circuit's reasoning applies with equal force to attorney-client and work-product material: once litigation counsel has absorbed strategic information, it is difficult to ensure that the information will not shape trial preparation. That inevitable risk of tainting is the very reason ethical walls are erected to insulate attorneys from protected material. *See id.* at 184 & n.24. Where no such wall existed, as with the Category 1 documents, the conditions the wall was designed to prevent are present.

The privileged materials in Category 1 bear directly on the upcoming trial. They reveal the defense's assessment of the strengths and weaknesses of the Government's proof, the defendant's state of mind regarding the charges, and the defense's strategic positioning. If comprehended by the prosecution team, this information could shape case presentation and trial-theme decisions, witness order and emphasis, cross-examination of Mr. Hung or defense witnesses, rebuttal preparation, and the Government's approach to plea discussions and co-defendant strategy. None of those effects would be cured merely by excluding the documents themselves. Segregating the documents after they have been in the prosecution's working file since at least May 29, if not since Mr. Hung's extradition, does not cure the prejudice that may already have occurred.

The relevant distinction in the case law is between cases where privileged materials were screened and the prosecution gained "no insight into [the] defense through their limited exposure to the handful of privileged documents," *United States v. Walker*, 243 F. App'x 621, 623 (2d Cir. 2007) (summary order), and cases where unscreened access "provided an important insight into defense tactics, strategy, and problems," *id.* (quoting *United States v. Horn*, 811 F. Supp. 739, 750-

51 (D.N.H. 1992)). Category 1 raises the very concern identified in *Horn*. The documents were never screened. They sat in the prosecution's working file for weeks. They include explicit defense strategy material. And the Government has not denied reviewing them. In assessing who had access, the Court should look to function, not title. Although *United States v. Stewart*, 433 F.3d 273 (2d Cir. 2006), arose in the Brady context, its functional test for identifying the prosecution team applies equally where the question is who had access to privileged material: "the relevant inquiry is what the person did, not who the person is." *Id.* at 298. Here, the trial-team paralegal sent the production email, the trial AUSAs signed the cover letter, and the trial team created the production index. The filter team, to the extent one existed, was not interposed between the privileged material and the trial team.

By analogy, in *United States v. Allen*, 864 F.3d 63, 87-88, 91 (2d Cir. 2017), the Second Circuit held in the compelled-testimony context that "a bare, generalized denial of taint" is "insufficient as a matter of law" to sustain the prosecution's burden of proving non-derivation. The same principle applies here. As to the Category 1 documents, the Government has not offered even a bare denial. It has said nothing at all.

## IV. THE GOVERNMENT'S RESPONSE

On June 17, 2026, following defense counsel's identification of the three categories, the Government agreed to segregate the Le Van Hung Documents from the prosecution team. The Government's voluntary segregation is at least an acknowledgment that Production 32 contains materials whose privilege status cannot safely be resolved through the existing filter process. At minimum, the need for further segregation demonstrates that the existing process cannot be relied upon, without more, to resolve the privilege and taint issues now before the Court.

The Government has not, however, provided the sworn certifications defense counsel first demanded on June 3, 2026 and renewed on June 17, 2026. Nor has the Government made any representation, sworn or otherwise, regarding whether the prosecution team reviewed the Category 1 documents during the period they were in its working file. With respect to the Category 2 documents, the Government made an unsworn and, as set forth in Docket Number 153, insufficient representation that the team member who reviewed those documents did not speak Vietnamese. As to the Category 1 documents, the Government has offered no such denial or qualification. In the absence of sworn certifications or any denial addressing Category 1, the Court cannot safely assume non-review, some review was obviously done to flag the 3 documents out of the folder with 16 documents. The appropriate remedy is not to credit either side's assumptions, but to require sworn certifications and, if necessary, testimony from the personnel who had access.

## V. RELIEF REQUESTED

Mr. Hung respectfully requests that the Court:

1. Expand the scope of the evidentiary hearing and related relief requested in Docket Number 153 to include the Category 1 documents identified herein and described in the accompanying in camera submission;

2. Prohibit the Government from any use of the Category 1 materials, and any notes, summaries, translations, or other materials derived from them, pending resolution of the privilege claims;

3.  Order the Government to sequester all derivative materials, including any notes, summaries, translations, or work product created from or informed by the Category 1 documents;

4.  Order the Government to identify all personnel who had access to Production 32, including all individuals who received or could access the USAfx download link through which the production was transmitted;

5.  Order the Government to provide sworn certifications from each individual identified in response to the preceding request, addressing whether that individual reviewed, read, translated, summarized, or assessed any of the Category 1 documents, and whether any information derived from those documents was used in the investigation or trial preparation or communicated to any other person; and

6.  Order co-defendant Guan's counsel to provide a sworn certification that no copies, translations, summaries, or derived information from the Category 1 documents have been retained or communicated.

The systemic failure of the Government's privilege-screening process implicates not only the attorney-client privilege and work-product doctrine, but also Mr. Hung's Sixth Amendment right to counsel. The defense reserves the right to seek constitutional remedies based on the facts developed at the evidentiary hearing.

Respectfully submitted,

Timothy C. Parlatore