# Exhibit D





**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 25, 2026

**BY EMAIL**

Timothy Parlatore, Esq.
timothy.parlatore@parlatorelawgroup.com

> Re:     **United States v. Le Van Hung**, S3 24 Cr. 322 (VM)

Dear Mr. Parlatore:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from defendant Le Van Hung ("the defendant") to Count One of the above-referenced Superseding Information (the "Information"). Count One charges the defendant with conspiracy to commit identity theft, in violation of 18 U.S.C. § 371, and carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years, a maximum fine, pursuant to 18 U.S.C. § 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for participating in a conspiracy to commit identity theft, from in or about 2020 through in or about May 2024, as charged in Count One of the Information, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.*[1] In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b): (i) a sum of money equal to $67,000,000 in United States currency, representing proceeds traceable to the commission of said offense (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following specific property:

---

[1] The defendant agrees not to contest the facts set forth in Indictments 24 Cr. 322 (VM) and S1 24 Cr. 322 (VM) and in the Information for the purposes of sentencing in this case.

2025.03.12

a. Any and all funds contained in Bank of America account number 483083774417, and

b. Any and all funds contained in Bank of America account number 483083788623,

(collectively the "Specific Property"). The defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. The defendant also agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in an amount ordered by the Court up to $67,000,000 in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, including to persons other than victims of the offense pursuant to 18 U.S.C. § 3663A(a)(3), and that the obligation to make such restitution shall be made a condition of probation, *see* 18 U.S.C. § 3563(b)(2), or of supervised release, *see* 18 U.S.C. § 3583(d), as the case may be. The restitution amount shall be paid according to a plan established by the Court. The defendant will be given credit against this restitution amount for any payments made prior to sentencing, as verified by the Office.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The applicable Guidelines manual is the November 1, 2025 edition.

2. The applicable guideline for a violation of 18 U.S.C. § 371 is U.S.S.G. § 2X1.1. Pursuant to U.S.S.G. § 2X1.1(a), the base offense level is that from the guideline for the substantive offense, plus any adjustments from such guideline. For the substantive offense of identity theft conspiracy, the applicable guideline is U.S.S.G. § 2B1.1.

3. Pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is six.

4. Pursuant to U.S.S.G. § 2B1.1(b)(1)(M), 24 offense levels are added because the loss, which is at least $67,000,000, is more than $65,000,000, but less than $150,000,000.

5. Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), two levels are added because the offense involved 10 or more victims.

6. Pursuant to U.S.S.G. § 2B1.1(b)(10)(B), two levels are added because a substantial part of a fraudulent scheme was committed from outside the United States.

2025.03.12

7.  Pursuant to U.S.S.G. § 2B1.1(b)(11)(C)(i), two levels are added because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification.

8.  Pursuant to U.S.S.G. § 4C1.1, because the defendant is a zero-point offender, the offense level is decreased by two levels.

9.  Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 31.

B. Criminal History Category

Based upon this Office's current understanding (including from representations by the defense), the defendant has zero criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

C. Sentence

Based upon the calculations set forth above, the defendant's sentencing range would be 108 to 135 months' imprisonment, but the applicable guideline sentence is 60 months' imprisonment (the "Stipulated Guidelines Sentence") because the statutory maximum penalty for Count One is 60 months' imprisonment. See U.S.S.G. § 5G1.1(a). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 31, the applicable fine range is $30,000 to $300,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Sentence set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence other than the Stipulated Guidelines Sentence based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

2025.03.12

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding whether the Stipulated Guidelines Sentence (or such other Guidelines calculation as the Court may determine) should be imposed and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines calculation if it is determined based upon information not contained in this Agreement that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines calculation or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence other than the Stipulated Guidelines Sentence, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be other than the Stipulated Guidelines Sentence set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence of or below the Stipulated Guidelines Sentence of

2025.03.12

60 months' imprisonment and (ii) that the Government will not appeal any sentence of or above the Stipulated Guidelines Sentence. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $300,000, and the Government agrees not to appeal any fine that is greater than or equal to $30,000. The defendant also agrees not to appeal or bring a collateral challenge of any restitution amount that is less than or equal to $67,000,000, and the Government agrees not to appeal any restitution amount that is greater than or equal to $67,000,000. The defendant also agrees not to appeal or bring a collateral challenge of any forfeiture amount that is less than or equal to $67,000,000, and the Government agrees not to appeal any forfeiture amount that is greater than or equal to $67,000,000. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including

2025.03.12

removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or

conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JAY CLAYTON
United States Attorney

By:    s/ Paul M. Monteleoni
Rebecca T. Dell
Paul M. Monteleoni
Amanda C. Weingarten
Benjamin M. Burkett
Assistant United States Attorneys
(212) 637-2198/2219/2257/2455

APPROVED:


s/ Daniel Wolf
Daniel Wolf
Co-Chief, Public Corruption Unit


AGREED AND CONSENTED TO:

Le Van Hung

06/29/2026
DATE

APPROVED:

Timothy Parlatore, Esq.
Attorney for Le Van Hung

June 26, 2026
DATE

2025.03.12

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

         - v. -

LE VAN HUNG,
        a/k/a "Hung Van Le,"
        a/k/a "Van Hung Le,"

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:     CONSENT PRELIMINARY ORDER
:     OF FORFEITURE AS TO SPECIFIC
:     PROPERTY/MONEY JUDGMENT
:
:     S3 24 Cr. 322 (VM)
:
:
:

WHEREAS, on or about _____, LE VAN HUNG (the "Defendant"), was charged in a Superseding Information, S3 24 Cr. 322 (VM) (the "Information"), with conspiracy to commit identity theft, in violation of Title 18, United States Code, Section 371 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), of any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Information, and any and all personal property used or intended to be used to commit the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information and the following specific property:

         a. Any and all funds contained in Bank of America account number 483083774417; and

         b. Any and all funds contained in Bank of America account number 483083788623;

(a. and b., collectively, the "Specific Property");

WHEREAS, on or about _____, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), a sum of money equal to $67,000,000 in United States currency, representing the proceeds traceable to the offense charged in Count One of the Information and all right, title and interest in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $67,000,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendant, Weidong Guan (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case; and

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property as a result of the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Rebecca T. Dell, of counsel, and the Defendant and his counsel, Timothy Parlatore, Esq., that:

1.     As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $67,000,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information, for which the Defendant is jointly and severally liable with the Co-defendant to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2.     As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant LE VAN HUNG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____Rebecca T Dell_____ IBMB        06/29/2026
       REBECCA T. DELL                      DATE
       Assistant United States Attorney
       26 Federal Plaza, 37th Floor
       New York, NY 10278
       (212) 637-2198


LE VAN HUNG

By: _____        06/29/2026
       LE VAN HUNG                       DATE

By: _____        June 26, 2026
       TIMOTHY PARLATORE, ESQ.         DATE

SO ORDERED:


_____        _____
HONORABLE VICTOR MARRERO        DATE
UNITED STATES DISTRICT JUDGE