# Exhibit E

Q6T5hunP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               S3 24 Cr. 322 (VM)(SDA)

LE VAN HUNG,

                Defendant.

------------------------------x

                                             June 29, 2026
                                             12:10 p.m.


Before:

                    HON. STEWART D. AARON,

                                        U.S. Magistrate Judge



                            APPEARANCES

JAY CLAYTON
        United States Attorney for the
        Southern District of New York
BY:   BENJAMIN M. BURKETT
        Assistant United States Attorney

PARLATORE LAW GROUP
        Attorneys for Defendant
BY:   TIMOTHY C. PARLATORE
        ANTOINETTE O'NEILL
        MATTHEW MINIKUS


ALSO PRESENT:  ANDY TANG, Vietnamese Interpreter

(Case called)

THE DEPUTY CLERK:  Counsel, please state your appearance for the record.

MR. BURKETT:  Good afternoon, your Honor.  Ben Burkett for the government.  With me at counsel's table is a law school student and intern with our office, Irene Soteriou society.

THE COURT:  Good afternoon.

MR. PARLATORE:  Good afternoon, your Honor.  Timothy Parlatore of Parlatore Law Group on behalf of Mr. Hung, who is seated next to me.  I am also joined by Antoinette O'Neill and Matthew Minikus who are both attorneys in my office but neither admitted to the Southern District yet.  They're not going to say anything.

THE COURT:  All right.  Good afternoon.

Mr. Hung, I am Magistrate Judge Aaron.  Are you able to understand me through the interpreter?

THE DEFENDANT:  Yes.

THE COURT:  As a first order of business I need to address the charging instrument that contains the charges against you, it is what is called a superseding information and was issued by the United States Attorney.  Under the United States Constitution, you have the right to be charged by an indictment which is issued by a grand jury instead of by an information like the one that we have before us.  If you give up your right to have the charges against you presented to the

grand jury, the case will proceed against you based on the United States Attorney's information, just as if you had been indicted.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: I have before me a document entitled waiver of indictment. Did you review this document before you signed it?

THE DEFENDANT: Yes.

THE COURT: And did you review it with your attorney?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by signing this form you are giving up your right to have your case presented to a grand jury and you are agreeing to permit the charges to be filed by the United States attorney instead?

THE DEFENDANT: Yes.

THE COURT: Have you discussed with your attorney the advantages and disadvantages of waiving indictment?

THE DEFENDANT: Yes.

THE COURT: Have any threats or promises been made to you to get you to waive the indictment?

THE DEFENDANT: No.

THE COURT: Do you wish to give up your right to be charged by a grand jury?

THE DEFENDANT: Yes.

THE COURT:  Your waiver is accepted.

Mr. Parlatore, I have before me the information.  Have you reviewed the information with your client?

MR. PARLATORE:  Yes, your Honor; I have.

THE COURT:  Do you waive its public reading.

MR. PARLATORE:  Yes, we do.

THE COURT:  How does your client wish to plead?

MR. PARLATORE:  Pursuant to the plea agreement; guilty, your Honor.

THE COURT:  Thank you.

Mr. Hung, another document I have before me is entitled Consent to Proceed Before a United States Magistrate Judge on a Felony Plea Allocution.  This form says that you know you have the right to have your plea taken by a United States district judge or you are agreeing to have the plea taken by me, a United States magistrate judge.  As a magistrate judge, I have the authority to take your plea with your consent and you will still be entitled to all the same rights and protections as if you were before a district judge.  Among other things, if you are found guilty, you will be sentenced by a district judge.

Let me ask you, did you sign this consent form voluntarily?

THE DEFENDANT:  Yes.

THE COURT:  Before you signed this form, did your

lawyer explain it to you?

THE DEFENDANT: Yes.

THE COURT: Do you wish to proceed with your plea before a United States magistrate judge?

THE DEFENDANT: Yes.

THE COURT: I am accepting the consent form and am affixing my signature to it to reflect that.

I am now going to ask my courtroom deputy to please swear in the defendant.

THE DEPUTY CLERK: Please raise your right hand.

(Defendant sworn)

THE DEPUTY CLERK: Thank you.

THE COURT: Mr. Hung, the purpose of today's proceeding is to make sure you understand your rights, to decide whether you are pleading guilty of your own free will, to make sure you are pleading guilty because you are guilty and not for some other reason.

Do you understand?

THE DEFENDANT: Yes.

THE COURT: Now I'm going to ask you certain questions. It is very important you answer these questions honestly and completely. If you don't understand any of the questions or if you want to have time to consult with your lawyer, please say so, because it is important you understand every question before you answer. OK?

THE DEFENDANT:  Yes.

THE COURT:  What is your full name?

THE DEFENDANT:  My name is Hung Van Le.

THE COURT:  The information lists the defendant's name as Le Van Hung, also known as "Hung Van Le."  There is no dispute that this is the same individual as the defendant in this case?

MR. BURKETT:  I believe that is correct, your Honor; no dispute.

THE COURT:  Mr. Parlatore, do you agree with that?

MR. PARLATORE:  Yes, your Honor; and in fact I believe the correct one is the first one, the "Le Van Hung."

THE COURT:  Let me ask the defendant, is your correct name Le van Hung?

THE DEFENDANT:  Yes.

THE COURT:  How old are you?

THE DEFENDANT:  I am 31.

THE COURT:  Can you read and write in your native language?

THE DEFENDANT:  Yes.

THE COURT:  What was the highest grade in school that you completed?

THE DEFENDANT:  Twelfth grade.

THE COURT:  Are you currently or have you recently been under the care of a doctor or mental health professional

for any reason?

THE DEFENDANT:  No.

THE COURT:  Are you under the influence of any drug or alcohol today?

THE DEFENDANT:  No.

THE COURT:  How are you feeling physically today?

THE DEFENDANT:  Good.

THE COURT:  Have you had sufficient time to discuss the charges against you in your plea with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Have you been satisfied with the advice and counsel that your attorney has provided to you?

THE DEFENDANT:  Yes.

THE COURT:  Are you ready to enter a plea today?

THE DEFENDANT:  Yes.

THE COURT:  Does either counsel have any objections to the defendant's competence to plead at this time?

MR. BURKETT:  No, your Honor.

MR. PARLATORE:  No, Judge.

THE COURT:  Mr. Hung, in order to determine whether your plea is voluntary and made with a full understanding of the charges against you and the consequences of your plea, I am going to be making certain statements to you.  I'm also going to ask you certain questions.  I want you to understand that I need not accept your plea unless I am satisfied that you are in

fact guilty and that you fully understand your rights.

Now, the plea agreement states that you are pleading guilty to Count One of the information. Count One charges you with conspiracy to commit identity theft in violation of Title 18, United States Code, Section 371, and carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years, a maximum fine pursuant to 18 U.S.C. Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss to persons other than yourself resulting from the offense, and a $100 mandatory special assessment. In addition, the Court must order restitution.

Now, do you understand that this is the crime to which you are pleading and the maximum and minimum penalties applicable to that crime?

THE DEFENDANT: Yes.

THE COURT: Now, supervised release means that you will be supervised for a period of years after you are released from prison. There will be conditions with which you must obey. If you don't, you will be sent to prison without a jury trial.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you also understand that there is part of your plea agreement to admit a forfeiture allegation with

respect to Count One of the information?

THE DEFENDANT: Yes.

THE COURT: And you have agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), first, a sum of money equal to $67 million in United States currency representing proceeds traceable to the commission of the offense; and two, all right, title, and interest that you have in the following specific property: A, any and all funds contained in Bank of America account no. 483083774417; and B, any and all funds contained in Bank of America account no. 483083788623.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And you have also consented to the entry of a consent preliminary order of forfeiture that's attached as an exhibit to the plea agreement.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you also understand that any forfeiture of your assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon you in addition to forfeiture?

THE DEFENDANT: Yes.

THE COURT: And you also have agreed to pay restitution in an amount to be ordered by the Court up to

Q6T5hunP

$67 million in accordance with Title 18, United States Code, Sections 3663, 3663(a), and 3664, including to persons other than victims of the offense pursuant to Title 18, United States Code, Section 3663(a)(A)(3), and that the obligation to make restitution will be a condition of probation or of supervised release, as the case may be.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Hung, are you a United States citizen?

THE DEFENDANT:  No.

THE COURT:  Do you understand that as a result of your guilty plea there may be adverse affects on your immigration status that you may, for example, be detained following completion of your sentence, removed or deported from the United States, denied citizenship, and denied admission to the United States in the future?

THE DEFENDANT:  Yes.

THE COURT:  You should know that if you are not a citizen of the United States, then your guilty plea and conviction make it very likely that your deportation from the United States is presumptively mandatory and that at a minimum you are at a risk of being deported or suffering other adverse immigration consequences.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed with your attorney the possible immigration consequences of your guilty plea and conviction?

THE DEFENDANT:  Yes.

THE COURT:  Am I correct you want to plead guilty regardless of any immigration consequences that may result from your guilty plea and conviction, even if those consequences include deportation from the United States?

THE DEFENDANT:  Yes.

THE COURT:  If that does happen, you will still be bound by your guilty plea, that is, you will not be able to withdraw it, regardless of any advice you received from your attorney or others regarding the immigration consequence of your plea.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand the charges against you and the consequences of pleading guilty?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that in exchange for your plea, the United States Attorney's office has agreed not to criminally prosecute you further for participating in a conspiracy to commit identity theft from in or about 2020 through in or about May 2024, as charged in Count One of the information?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the United States attorney cannot make any promises to you about criminal tax violations?

THE DEFENDANT: Yes.

THE COURT: Do you understand that in exchange for your plea, the agreement does not bar the use of your conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution?

THE DEFENDANT: Yes.

THE COURT: Do you agree that with respect to any and all dismissed charges you are not a prevailing party within the meaning of the Hyde Amendment and you will not file any claim under that law?

THE DEFENDANT: Yes.

THE COURT: Do you understand you have the right to plead not guilty and the right to a trial on the charges against you and, in fact, a trial by jury?

THE DEFENDANT: Yes.

THE COURT: I am now going to ask the assistant United States attorney to state the elements of the crime charged. The elements are the things the government would have to proving beyond a reasonable doubt if this case were to have gone to trial.

MR. BURKETT: Yes, your Honor.

So, the superseding information S3 24 CR 322, charges the defendant with one count of conspiracy to commit identity theft in violation of 18 U.S. Section 371.  The elements of conspiracy in violation of 18 U.S.C. Section 371 are as follows:

First --

THE COURT:  If I could ask you to slow down a bit for the benefit of the interpreter.

MR. BURKETT:  Yes, your Honor.  I appreciate that.

The elements of that offense are as follows:  First, the existence of the conspiracy or an agreement to accomplish, by joint action, one or more unlawful purpose; second, that the defendant knowingly and willfully became a member of that conspiracy; and third, that at some time during the existence of the Agreement or conspiracy, at least one of its members performed an overt act in order to further the objective or objectives of the agreement.

The alleged object of the charged conspiracy in this superseding information is identity theft in violation of 18 U.S.C. Section 1028(a)(7), and the elements of that offense are as follows:

First, that the item described in the information is a means of identification of another person;

Second, that the defendant used or transferred, or possessed that means of identification;

Third, that the defendant acted knowingly and without lawful authority;

Fourth, that the defendant acted with the intent to commit or to aid and abet, or in connection with an unlawful activity that violates federal or state law; and

Fifth, that the defendant's conduct was in or affecting interstate or foreign commerce, or that the means of identification was transported in the United States mails.

Here, your Honor, the information specifically alleges that the defendant acted with the intent to commit and aid and abet two separate crimes: First, conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h); and second, conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349.

It is my understanding, your Honor, that the defendant intends to allocute only to the second or to possessing intent with respect to the second of those crimes -- conspiracy to commit bank fraud -- and that the parties agree that that is sufficient for purposes of today's proceeding but I would like to, with the Court's permission, put the elements of both crimes on the record.

First, beginning with the elements of conspiracy to commit money laundering, the elements of that crime are as follows:

First, that there was a conspiracy, the goal of which

was to commit money laundering. That is an agreement or understanding between two or more people existed to engage in conduct known as money laundering; second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to commit that conduct.

With respect to conspiracy to commit bank fraud the elements of that crime are as follows:

First, that there was a conspiracy, the goal of which was to commit bank fraud, that is, an agreement or understanding between two or more people existed to commit bank fraud; and second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to commit bank fraud.

Finally, your Honor, as to the sole count, Count One, the government would be required to prove at any trial by a preponderance of the evidence that venue is proper here in the Southern District of New York.

THE COURT: Mr. Hung, do you understand that if you pled not guilty and went to trial with respect to the elements that were just articulated, the burden would be on the government to prove each and every element of the crime charged beyond a reasonable doubt in order to convict you?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you have the right to be represented by counsel and, if necessary, have the Court

appoint counsel at trial and at every other stage of the proceeding?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at trial you would have the right to confront and cross-examine witnesses against you and the right not to be compelled to incriminate yourself?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at trial you would be presumed innocent until such time, if ever, the government established your guilt by competent evidence to the satisfaction of the trier of fact beyond a reasonable doubt?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at trial you would have the right to testify and also you would be entitled to compulsory process, in other words, the right to call other witnesses on your behalf?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if your plea is accepted, there will be no further trial of any kind, so by pleading guilty you are waiving your right to trial?

THE DEFENDANT: Yes.

THE COURT: Do you understand that any statements you make here today under oath may be used against you in a prosecution for perjury or for making false statements?

THE DEFENDANT: Yes.

Q6T5hunP

THE COURT: Now, failing to tell the truth today in this proceeding is a crime. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: I have before me the plea agreement. Am I correct that you signed this document, Mr. Hung?

THE DEFENDANT: Yes.

THE COURT: Did you review it with the interpreter before you signed it?

THE DEFENDANT: Yes.

THE COURT: Did you discuss it with your attorney before you signed it?

THE DEFENDANT: Yes.

THE COURT: Putting the plea agreement to one side, separate and apart from the plea agreement, have any threats or promises been made to you to make you plead guilty?

THE DEFENDANT: No.

THE COURT: Is anyone forcing you to plead guilty?

THE DEFENDANT: Yes.

THE COURT: I asked you if anyone is forcing you to plead guilty. What was your answer to that?

THE DEFENDANT: No.

THE COURT: So you are pleading guilty of your own free will?

THE DEFENDANT: Yes.

THE COURT: Separate and apart from the plea

agreement, have any understandings or promises been made to you about the sentence that you will receive?

THE DEFENDANT:  No.

THE COURT:  Now I'm going to review certain portions of the plea agreement with you.  The letter that constitutes the agreement says that you and the government have reached agreement regarding the appropriate calculation of your sentence under part of our law known as the Sentencing Guidelines, and what the agreement states in that regard is that based upon the calculations that are set forth in the agreement, the sentencing range would be 108 to 135 months' imprisonment, but the applicable guideline sentence is 60 months' imprisonment because the statutory maximum penalty for Count One is 60 months' imprisonment.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  The agreement also states you and the government have agreed that the applicable fine range is $30,000 to $300,000.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that neither the probation office nor the Court is bound by the guideline stipulations and the sentence to be imposed upon you will be determined solely by the Court?

THE DEFENDANT: Yes.

THE COURT: Now, in imposing sentence upon you, the Court is obligated to calculate the applicable sentencing guideline range and determine a sentence range including the sentencing factors set forth in Title 18, United States Code, Section 3553(a).

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you have agreed not to file a direct appeal or otherwise challenge your conviction or sentence if you were sentenced within or below the stipulated guidelines range?

THE DEFENDANT: Yes.

THE COURT: Do you understand you have also agreed to waive your right to appeal any term of supervised release that is less than or equal to the statutory maximum?

THE DEFENDANT: Yes.

THE COURT: Do you understand you have agreed to waive your right to appeal any fine that is less than or equal to $300,000?

THE DEFENDANT: Yes.

THE COURT: In light of the foregoing, how do you plead?

THE DEFENDANT: Guilty.

THE COURT: Are you pleading guilty because you are in

fact guilty?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the plea agreement does not bind any prosecuting office other than the United States Attorney's office for the Southern District of New York?

THE DEFENDANT: Yes.

THE COURT: Do you understand that apart from any proffer agreements you may have entered into with the government, the plea agreement takes the place of any prior understanding you may have had with the government and that the agreement cannot be modified, except in a writing, signed by all parties?

THE DEFENDANT: Yes.

THE COURT: Do you understand that your conviction following your plea of guilty is vacated for any reason then the government is not time-barred and that the cause of action is not time-barred as of the date you signed the agreement that the government can reinstate its prosecution against you?

THE DEFENDANT: Yes.

THE COURT: Mr. Hung, did you commit the offense to which you are pleading?

THE DEFENDANT: Yes.

THE COURT: Please tell me in your own words what you did.

THE DEFENDANT: Dear your Honor, at about the time of

around 2020 until around May of 2024, I agreed with at least one other person to use the details, identity of another person without their knowledge in order to access to another account owned by another person in the United States in order to access their account and use it for my purpose.

INTERPRETER: I just reminded the defendant to break it up so I can translate accurately.

THE DEFENDANT: So, I ordered or I requested someone else to make a call to the bank in the United States in order to access that account, and that person would claim to be the owner of the account held by him or herself in the U.S. In order to do that, I asked the person to use the address, the name, and the Social Security number of the account holder and that would appear to the bank that the caller was actually the owner of that account in order to unlock the account so that money can be transferred in or out. In order to do that, I knew that the Social Security number and the address of that individual is actual details and it was not a fictitious person or a made-up number and name. I knew that that person did not know or did not authorize me to do that and I agreed to use those informations as part of the plan in order to defraud the bank. I did that on purpose and it was not coincidental. It was part of the agreement that I agree to carry out in order to defraud the U.S., including the area and the judicial authority of this Court. I plead guilty because in fact I am guilty.

THE COURT: Does the government have any questions it would like me to put to the defendant?

MR. BURKETT: Your Honor, I can make a proffer as to venue at some point, but I believe that the allocution is legally sufficient.

THE COURT: I believe that Mr. Hung stated that it occurred within the jurisdiction of this Court.

MR. BURKETT: He did, your Honor; yes.

MR. PARLATORE: It was originally written in this district and then transferred to Vietnamese and transferred back to English so, yes, that's -- that is exactly what that is. We agree that satisfies venue.

THE COURT: You agree that venue is proper in this court?

MR. PARLATORE: Yes. Absolutely, Judge.

THE COURT: Let me ask the government this: If the defendant were not pleading guilty, what evidence would the government proffer at trial as to his guilt?

MR. BURKETT: Yes, your Honor.

So, the government's trial evidence would include data from a gmail account used by the defendant and similar accounts used by the defendant's co-conspirators, including spreadsheets containing victim Personally Identifiable Information obtained from within those accounts, that information including, for example, individuals' names, social security numbers,

birthdate, physical addresses, and other such information. The government would expect to prove that a number of those individuals had addresses here in the Southern District of New York.

The government's evidence also would include e-mail communications, some of which the defendant was a participant in and some of which show defendant requesting a fake passport in the name of a real individual which the defendant later received. The evidence would include text message communications, various records from third-parties including bank records, communications with bank personnel, and records from cryptocurrency exchanges, as well as records from various vendors offering prepaid debit card and gift card services. The evidence also would include records from mobile payment platforms as well as victim records, including records from various state unemployment agencies.

The government's evidence also would include evidence of specific bank transfers processed with servers that were in different states that satisfy the interstate commerce lent.

THE COURT: Mr. Hung, in light of all the foregoing, do you still wish to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Mr. Parlatore, do you know of any reason why Mr. Hung ought not to plead guilty?

MR. PARLATORE: No, your Honor.

THE COURT:  Mr. Hung, the Court is satisfied that you understand the nature of the charges against you and the consequence of your plea.  The Court also is satisfied that your plea is being made voluntarily and knowingly and that there is a factual basis for it.  Accordingly, I will recommend to Judge Marrero that your plea of guilty be accepted.

I assume the government will order a copy of the transcript and will submit it, together with any additional paperwork, so that Judge Marrero may act on my recommendation.

MR. BURKETT:  Yes, your Honor.

And one more thing I should have noted already but I wanted to draw the Court's attention to footnote 1 of the plea agreement which note that the defendant agrees not to contest the facts set forth in indictment 24 CR 322 (VM) and S1 24 CR 322 (VM) and the information for purposes of sentencing in this case.

THE COURT:  Mr. Hung, do you agree to what is set forth in footnote 1?

THE DEFENDANT:  Yes.

THE COURT:  So the government will do as I stated?

MR. BURKETT:  Yes, your Honor.

THE COURT:  Will you deliver the case summary for the purposes of the presentence report to the probation department within 14 days?

MR. BURKETT:  Yes, your Honor.

Q6T5hunP

THE COURT: Mr. Parlatore, will you be available to be interviewed by the probation department with your client within 14 days?

MR. PARLATORE: Yes, your Honor.

THE COURT: I am going to be setting a control date of September 29, 2026 for the sentencing, but of course you will have to be in touch with Judge Marrero's chambers with respect to the actual date the sentencing will occur.

Is there anything further from either side?

MR. BURKETT: No, your Honor. Thank you.

MR. PARLATORE: No, your Honor. Thank you very much.

THE COURT: This matter is adjourned. Thank you.

oOo